PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1993 Subaru Legacy struck a piece of tire in the road while he was traveling on 1-64 near Dunbar, Kanawha County. 1-64 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 9:30 p.m. and 10:00 p.m. on April 18,2006. In the area where this incident occurred, 1-64 has three lanes of traffic traveling westbound. The road was dark and wet, and claimant’s speed was approximately forty miles per hour. Claimant was proceeding cautiously on 1-64 when a tractor trailer veered into his lane of traffic. As claimant maneuvered his vehicle into the left lane, his vehicle struck a piece of a truck’s tire which was lying on the road. Since there was a concrete wall located to his left and the tractor-trailer to his right, he was unable to switch lanes to avoid this hazard on the road. Thus, claimant’s vehicle sustained damage to its front bumper, front lamps, and fender in the amount of $822.91. Claimant did not have insurance coverage for his loss.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64 at the site of claimant’s accident for the date in question. Respondent did not present any witnesses at the hearing of this matter.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent is not liable for the damage to claimant’s vehicle which occurred on 1-64. Even though the Court finds that the piece of tire on the road created a hazard to the traveling public, respondent did not have notice of this condition prior to claimant’s incident. Although the Court is sympathetic to the claimant’s plight, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.